61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Elvin Daniel CLARK, Defendant-Appellant.
 No. 93-4186.
(D.C.No. 93-CR-256)
 United States Court of Appeals, Tenth Circuit.
 July 19, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Defendant-Appellant Elvin Daniel Clark ("Clark") was charged with ten counts of abusive sexual conduct while in a special territorial jurisdiction of the United States in violation of 18 U.S.C. 2244(a)(1) & (3) alleging that on five separate occasions Clark engaged in illegal sexual acts and sexual contact with his minor daughter. Two of the counts were dismissed for insufficient evidence. A jury returned a not guilty verdict on seven of the remaining counts and a guilty verdict on one count of abusive sexual contact in violation of 18 U.S.C. 2244(a)(3). The judge sentenced Clark to 18 months imprisonment and one year of supervised release, and ordered Clark to pay a $50 special assessment and $1,000 in restitution. Clark then filed the instant appeal challenging his conviction and sentence on the grounds that (1) the district court erroneously admitted the hearsay testimony of four witnesses recounting statements by his daughter that Clark had molested her; and (2) the court employed the wrong section of the United States Sentencing Guidelines ("U.S.S.G.") in calculating his sentence. We affirm.
 
 Hearsay
 
 3
 Clark's hearsay claim relates to the testimony of four witnesses: (1) Jamie Gibson ("Gibson"), a friend of his daughter; (2) Sam Liddiard ("Liddiard"), a bishop at the Clark's church at the time of these events; (3) Bruce Evans ("Evans"), a military official at the Dugway Proving Grounds where the Clarks lived; and (4) Hannah Sanderson ("Sanderson"), another friend of his daughter. We reject Clark's claims as to each of these witnesses.
 
 
 4
 First, as to Sanderson, we hold that the district court properly admitted her testimony over Clark's objections, because the out-of-court statements she recounted were prior consistent statements by a declarant (the daughter) who also testified and was subject to cross-examination at trial. Hence, such statements are not regarded as hearsay under Fed.R.Evid. 801(d)(1)(B). Tome v. United States provides that prior consistent statements offered to rebut a charge against the declarant of recent fabrication are only admissible under Rule 801(d)(1)(B) if the declarant made the statements before the alleged motive to fabricate arose. 115 S.Ct. 696, 700-05 (1995). In the present case, Clark charged that his daughter fabricated the allegations against him so that she could avoid moving with him to the isolated town of Callao, Utah and instead live with her mother. That alleged motive to lie did not arise until summer 1993, when Clark lost his job at the Dugway Proving Grounds and planned the move to Callao. Record on Appeal Vol. IV at 1-40. The out-of-court statements by his daughter to which Sanderson testified were made during the summer of 1992, Record on Appeal Vol. V at 2-140 to 2-141, before Clark's daughter had the alleged motive to lie and were, therefore, admissible as nonhearsay under Rule 801(d)(1)(B). Although the district court did not admit the statements under Rule 801(d)(1)(B), id. at 1-141 to 142, we can affirm an evidentiary ruling on any proper ground. Sheets v. Salt Lake County, 45 F.3d 1383, 1390 (10th Cir.1995), petition for cert. filed, 63 U.S.L.W. 3892 (U.S. June 9, 1995) (No. 94-2017).
 
 
 5
 As to the testimony of the other three witnesses, we conclude that each included hearsay statements made by Clark's daughter not admissible under any of the exceptions to the hearsay rule. Nevertheless, Clark's counsel failed to object to any of the hearsay.[2] As such, Clark must demonstrate that admitting the statements constituted plain error. United States v. Markum, 4 F.3d 891, 895 (10th Cir.1993). To satisfy that high standard, Clark must show that the error was obvious and substantial, and deprived him of the right to a fair and impartial trial. United States v. Barber, 39 F.3d 285, 288 (10th Cir.1994) (citations and internal quotations omitted). We conclude that he has failed to make such a showing.
 
 
 6
 As a starting matter, Clark's counsel was able to cross examine all of the witnesses and Clark's daughter thoroughly about the hearsay statements. When questioning Evans, counsel was able to highlight inconsistencies in what Clark's daughter reported to Evans and suggest that her allegations were tainted by suggestive questioning or prodding from Evans or her friend's mother, who was also present. See Record on Appeal Vol. V at 2-166 to 169. When questioning Gibson, counsel was able to link the hearsay to Clark's defense that his daughter had fabricated the charges to avoid moving to Callao. See Record on Appeal Vol. IV at 1-133. Moreover, the hearsay testimony of all three witnesses addressed Clark's alleged illegal conduct generally, and was not specifically linked to the single count on which Clark was convicted.[3] If anything, it might have been Sanderson that is most closely related to Count VI, which was the count upon which the conviction was returned. We have already concluded that Sanderson's testimony was not hearsay. That Clark was able nevertheless to defend successfully against seven charges indicates that the admission of the hearsay did not prejudice his ability to put on an effective defense. Therefore, we hold that admitting the hearsay did not compromise Clark's right to a fair trial and was not plain error.
 
 Sentencing
 
 7
 The district court sentenced Clark under the 1990 version of U.S.S.G. 2A3.4(a)(2). Section 2A3.4(a)(2) provides that the base offense level for abusive sexual contact is 12 if the offense was committed by the means set forth in 18 U.S.C. 2242.[4] Section 2242(1) relates in relevant part to offenses committed "by threatening or placing [the victim] in fear (other than by threatening or placing [the victim] in fear that any person will be subjected to death, serious bodily injury, or kidnapping)...." Clark argues that he should have been sentenced under 18 U.S.S.G. 2 A3.4(a)(3) and assigned a base offense level of 10 because he was convicted under 18 U.S.C. 2244(a)(3) and not under 18 U.S.C. 2242. The government responds that sentencing under U.S.S.G. 2A3.4(a)(2) was proper, even though Clark was not convicted under 18 U.S.C. 2242, because his underlying conduct justified the use of 2A3.4(a)(2). We agree.
 
 
 8
 Clark failed to object to the use of 2A3.4(a)(2) at his sentencing hearing.[5] Accordingly, we only review the district court's use of that guideline for plain error. United States v. Lowder, 5 F.3d 467, 472 (10th Cir.1993). Applying that standard, we hold that the court's sentencing was proper. The use of U.S.S.G. 2A3.4(a)(2) would have been proper, notwithstanding the fact that Clark was not convicted under 18 U.S.C. 2242, if he used the means of that statute (i.e. threats or fear) in committing the offense for which he was convicted. Addressing the particular facts of this case, we cannot conclude that it was obvious that Clark did not use threat or fear. As such, we hold that it was not "particularly egregious," or "obvious and substantial" error, to employ 2A3.4(a)(2), and upholding Clark's sentence does not result in a "miscarriage of justice." See Lowder, 5 F.3d at 472.
 
 CONCLUSION
 
 9
 For the foregoing reasons, we AFFIRM the decision of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 On appeal, Clark claims that counsel objected to Liddiard's testimony, citing a pretrial hearing on a motion in limine. However, at that hearing Clark's counsel only requested additional time to investigate newly discovered conversations between Liddiard and Clark's daughter, and raised no hearsay objections whatsoever. See Record on Appeal Vol. III at 14-17
 
 
 [3]
 Both parties argue otherwise, Clark attributing the conviction to Gibson's testimony and the government to Sanderson's testimony. Nevertheless, although we are troubled by the inconsistent positions taken by the government on this issue during the course of the litigation, compare Appellee Br. at 13 (arguing that Sanderson's testimony corroborated the count on which Clark was convicted) with Record on Appeal Vol. VIII at 8-9 (arguing that Gibson's testimony corroborated the count on which Clark was convicted), we remain unable based on our independent review of the record to conclude that the conviction rested in substantial part on any of the particular hearsay statements
 
 
 [4]
 Clark then received a two-level enhancement based on the victim's age. As a result, given Clark's criminal history category of 1, the applicable sentencing range was 15 to 21 months
 
 
 [5]
 In fact, Clark's counsel stated at the sentencing hearing that:
 ... I don't have any disagreement with the calculations of the guidelines per se as far as the offense levels and the factors that were used to either adjust or not adjust in the report. I don't have any objection to those. I think they were properly done.